IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON JOHN UPCHURCH,

     Plaintiff,

v.                                                                         No. CIV 13-0189 MV/CEG

COSME RIPOL,

     Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint presents three claims against Plaintiff's public defender attorney arising from a state court prosecution of Plaintiff.  Plaintiff alleges that Defendant Ripol prevented Plaintiff from testifying at trial, failed to verify the validity of prior convictions that were used to enhance Plaintiff's sentence, and allowed Plaintiff to be subjected to double jeopardy.  Plaintiff contends that Defendant's actions violated his constitutional rights.  The complaint seeks damages.

The Court may not grant relief on Plaintiff's claims because the attorney-Defendant named in the complaint did not act "under color of state law."  42 U.S.C. § 1983.  A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint under § 1983 does not state a claim for relief.  *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.").  "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."  *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  This rule also applies to a public defender attorney.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  The Court will dismiss Plaintiff's complaint for failure to state a claim for relief.

The Court also notes that in Plaintiff's response (Doc. 7) to an earlier order to show cause, he alleges that he submitted the partial filing fee payment as ordered.  The payment was

inadvertently entered on the docket of another action, *Upchurch v. Nyce*, No. CV 13-0116 JH/SMV, that was pending under Plaintiff's name.  The order to show cause will be quashed.

IT IS THEREFORE ORDERED that the order to show cause (Doc. 6) is QUASHED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE